UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-07077-RGK-AFM | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Francesco Cameli v. McLaren Automotive, Inc. et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order Remanding Action to State Court**

On June 25, 2020, Francesco Cameli ("Plaintiff") filed a Complaint against McLaren Automotive, Inc. ("Defendant") alleging violations of the Song-Beverly Warranty Act arising from his purchase of a defective vehicle manufactured by Defendant.

On August 6, 2020, Defendant removed the action to federal court asserting jurisdiction on the basis of diversity of citizenship. Upon review of Defendant's Notice of Removal and related exhibits, the Court finds that it lacks subject matter jurisdiction and **REMANDS** the action to state court.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests or the court questions the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his Complaint, Plaintiff seeks damages, statutory remedies and civil penalties, as well as attorneys' fees and costs pursuant to the Song-Beverly Warranty Act. In support of its removal, Defendant asserts that the amount in controversy is met based on the fact that the manufacturer's suggested retail price for the vehicle at issue, a 2019 McLaren 600LT, starts at $242,500.

However, a plaintiff's recovery under the Song-Beverly Act is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting . . . recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole.") In this case, Plaintiff's complaint states that he entered into a lease agreement for the vehicle on March 4, 2020. This means that even if he continued to make payments until the date he filed this lawsuit, he made payments only for the months of March,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07077-RGK-AFM | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Francesco Cameli v. McLaren Automotive, Inc. et al* | | |

April, May and June. As Defendants do not include the agreement under which the car was leased, the Court has no way to evaluate what the dollar value of these payments actually was, or what—if any—downpayment was made upon signing. This falls short of Defendant's obligation to show that the amount in controversy is met.

Defendant points out that Plaintiff also seeks a civil penalty. Plaintiff's prayer for relief does request "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages." However, because Defendant does not establish that the actual damages meet or exceed $25,000, there is no basis to find that the actual damages and civil penalty combined would meet the amount in controversy requirement.

Finally, Defendant notes that Plaintiff may be entitled to attorneys' fees if the action succeeds. While a reasonable estimate of attorneys' fees may contribute to the amount in controversy, *Brady*, 243 F. Supp. 2d at 1011, Defendant fails to provide any estimate of what those fees may amount to in the present case.

Accordingly, the Court is not satisfied that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy reaches the jurisdictional threshold.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | SMO |